UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
TIMOTHY J. SULLIVAN
UNITED STATES MAGISTRATE JUDGE

6500 Cherrywood Lane
Greenbelt, Maryland 20770
Telephone: (301) 344-3593

February 26, 2019

LETTER TO COUNSEL:

    RE:    *Aileen C. v. Nancy A. Berryhill, Acting Commissioner of Social Security*
            Civil No. TJS-18-552

Dear Counsel:

       On February 23, 2018, Plaintiff Aileen C.[1] petitioned this Court to review the Social Security Administration's final decision to deny her claim for Disability Insurance Benefits ("DIB"). (ECF No. 1.) The parties have filed cross-motions for summary judgment. (ECF Nos. 15 & 16.) These motions have been referred to the undersigned with the parties' consent pursuant to 28 U.S.C. § 636 and Local Rule 301.[2] Having considered the submissions of the parties, I find that no hearing is necessary. *See* Loc. R. 105.6. This Court must uphold the decision of the agency if it is supported by substantial evidence and if the agency employed the proper legal standards. 42 U.S.C. §§ 405(g), 1383(c)(3); *Mascio v. Colvin*, 780 F.3d 632, 634 (4th Cir. 2015). Following its review, this Court may affirm, modify, or reverse the Acting Commissioner, with or without a remand. *See* 42 U.S.C. § 405(g); *Melkonyan v. Sullivan*, 501 U.S. 89 (1991). Under that standard, I will deny both motions and remand the case for further proceedings. This letter explains my rationale.

       In her application for DIB, Aileen C. alleged a disability onset date of August 15, 2013. (Tr. 16, 219-20.) Her applications were denied initially and on reconsideration. (Tr. 106-08, 116-17.) A hearing was held before an Administrative Law Judge ("ALJ") on November 17, 2016, (Tr. 45-83), and the ALJ found that Aileen C. was not disabled under the Social Security Act (Tr. 16-25). The Appeals Council denied Aileen C.'s request for review (Tr. 1-5), making the ALJ's decision the final, reviewable decision of the agency.

       The ALJ evaluated Aileen C.'s claim for benefits using the five-step sequential evaluation process set forth in 20 C.F.R. § 404.1520. At step one, the ALJ found that Aileen C. was not engaged in substantial gainful activity and had not been engaged in substantial gainful activity "from her alleged onset date of August 15, 2013, through her date last insured of September 30, 2015." (Tr. 18.) At step two, the ALJ found that Aileen C. suffered from the following severe

---

[1] On October 10, 2018, the Court's bench adopted a local practice of using the first name and last initial of non-government parties in Court-issued opinions in Social Security cases. This practice is designed to shield the sensitive personal information of Social Security claimants from public disclosure.

[2] This case was originally assigned to Magistrate Judge Stephanie A. Gallagher. On January 31, 2019, the case was reassigned to me.

impairments: history of bilateral carpal tunnel/thumb surgeries; degenerative changes of the knees; history of cervical spine fusion surgery; degenerative changes of the lumbar spine with history of lumbar fusion surgery; and allergies with asthma, bronchitis and Chronic Obstructive Pulmonary Disease (COPD). (*Id.*) At step three, the ALJ found Aileen C.'s impairments, separately and in combination, failed to meet or equal in severity any listed impairment as set forth in 20 C.F.R., Chapter III, Pt. 404, Subpart P, App. 1 ("Listings"). (Tr. 21.) The ALJ determined that Aileen C. retained the residual functional capacity ("RFC"):

> to perform sedentary work as defined in 20 CFR 404.1567(a) with frequent bilateral handling and fingering; occasional climbing of ramps and stairs; no climbing of ladders, ropes or scaffolds; occasional balance, kneel, stoop and crouch; no crawling; no working at unprotected heights; occasional exposure to humidity, wetness, extreme temperatures, dust, odors, fumes and other pulmonary irritants.

(Tr. 22.)

At step four, relying on the testimony of a vocational expert, the ALJ determined that Aileen C. can perform past relevant work as a "Premier Client Manager" and "Banking Center Manager." (Tr. 24-25.) Therefore, the ALJ found that Aileen C. was not disabled under the Social Security Act. (Tr. 25.)

Aileen C. raises two arguments in this appeal. First, she argues that the ALJ's RFC assessment is not supported by substantial evidence because the ALJ did not properly consider the credibility of her statements regarding her disabling pain. (ECF No. 15-1 at 9-20.) Second, she argues that the ALJ applied the wrong standard in considering whether her severe cervical and lumbar spine impairments met or medically equaled Listing 1.04A. (*Id.* at 21-26.)

In determining a claimant's RFC, the ALJ must evaluate the claimant's subjective symptoms using a two-part test. *Lewis v. Berryhill*, 858 F.3d 858, 866 (4th Cir. 2017); 20 C.F.R. § 404.1529(a). First, the ALJ must determine whether objective evidence shows the existence of a medical impairment that could reasonably be expected to produce the alleged symptoms. 20 C.F.R. § 404.1529(b). Once the claimant makes that threshold showing, the ALJ must evaluate the extent to which the symptoms limit the claimant's capacity to work. 20 C.F.R. § 404.1529(c). At this second stage, the ALJ must consider all available evidence, including medical history, objective medical evidence, and statements by the claimant. *Id*. An ALJ is to "consider all of the evidence in an individual's record when they evaluate the intensity and persistence of symptoms after they find that the individual has a medically determinable impairment(s) that could reasonably be expected to produce those symptoms." SSR 16-3p, 2016 WL 1119029 (S.S.A. March 16, 2016). An ALJ must "articulate which of a claimant's individual statements are credible, rather than whether the claimant is credible as a general matter." *Bostrom v. Colvin*, 134 F. Supp. 3d 952, 960 (D. Md. 2015).

Aileen C. argues that the ALJ improperly discredited her complaints of pain. Instead of properly considering her subjective symptoms, she argues, the ALJ focused on her reported daily activities. In considering Aileen C.'s daily activities, however, the ALJ did not also consider whether such activities could be sustained for an entire workday and throughout an entire

workweek.

The record contains evidence regarding Aileen C.'s subjective complaints of pain. For instance, Aileen C. reported numerous activities that she had to restrict because of the pain that she experiences when sitting for a long period of time. (Tr. 324.) Aileen C. explained that due to her pain, she "can no longer do any activity . . . for any length of time," and that she must take breaks, "start[ing] and stop[ping] any activity frequently to change positions." (Tr. 323.) She described her back pain as "constant," and noted that she experiences a "burning pain" in her neck when she reads or uses a computer for too long. (Tr. 322.) She also explained that the pain in her joints, hands, and feet has gotten worse over time. (Tr. 323.)

The ALJ discounted the subjective evidence of Aileen C.'s pain because her allegations of pain were inconsistent with other reports of her activities. For instance, the ALJ noted that she was able to do "a lot of shoveling in January 2013," that she could carry her grandchildren in April 2013, and that she could wash floors and do laundry in August 2013. (Tr. 22.) Aileen C. points out that each of these reported activities predated her alleged onset date of disability, and that she does not allege that she was disabled at those times. (ECF No. 15-1 at 12.)

Even when the ALJ discussed Aileen C.'s reported activities during the time of her alleged disability, she argues, he did not consider the extent to which she could perform the activities for an extended period without taking breaks. The vocational expert testified that Aileen C. would be unable to perform her past relevant work if she was off-task sporadically throughout the day to take breaks. (Tr. 72-73.) But the ALJ did not include a restriction in Aileen C.'s RFC to account for her need to take breaks and did not address why such a restriction was unnecessary. Aileen C. argues that the ALJ's conclusion that her reported activities conflicted with the subjective evidence of her pain was improper and unsupported by substantial evidence.

The Acting Commissioner argues that the ALJ properly discredited Aileen C.'s alleged limitations due to pain. (ECF No. 16-1 at 9-16.) She notes that the Court is not permitted to reweigh the evidence and that the ALJ specifically noted that Aileen C. took breaks during her activities when needed. (*Id.* at 11-12.) With regard to the reported activities that occurred before Aileen C.'s alleged onset date of disability, the Acting Commissioner suggests that Aileen C.'s back and knee impairments have been ongoing for years, and that her condition in the days and months preceding the alleged disability period is relevant. (*Id.* at 12.)

"An ALJ may not consider the *type* of activities a claimant can perform without also considering the *extent* to which she can perform them." *Woods v. Berryhill*, 888 F.3d 686, 694 (4th Cir. 2018) (emphasis in original); *see also Lewis v. Berryhill*, 858 F.3d 858, 468 n.3 (4th Cir. 2017) (holding that an ALJ's finding that a claimant was able to "perform incremental activities interrupted by periods of rest" did not support the conclusion that the claimant was capable of work) (quoting *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998) ("[D]isability claimants should not be penalized for attempting to lead normal lives in the face of their limitations.")). The "sporadic performance [of household tasks or work] does not establish that a person is capable of engaging in substantial gainful activity." *Scrogham v. Colvin*, 765 F.3d 685, 700 (7th Cir. 2014) (quoting *Thompson v. Sullivan*, 987 F.2d 1482, 1490 (10th Cir. 1993)).

The Court is persuaded by Aileen C.'s argument and concludes that the ALJ's RFC determination is not supported by substantial evidence. Although the record contains evidence of Aileen C.'s abilities to perform certain activities in her daily life, the ALJ did not discuss the extent to which she would be able to maintain similar activities for a full workday and normal workweek.[3] The record contains ample evidence that Aileen C. required frequent breaks in her activities due to her pain. The ALJ's failure to either include a restriction in her RFC to account for these breaks or to explain why such a restriction was unnecessary makes the decision unsuitable for meaningful review. *See Mascio*, 780 F.3d at 637 (concluding that where an ALJ's RFC assessment does not address the claimant's ability to perform certain functions "for a full workday," and there is conflicting evidence about the claimant's ability to perform such functions, remand is necessary). It may be that Aileen C. was capable of performing certain activities for short periods of time, but that she was also unable to engage in those activities for an extended duration. If that were the case, her ability to perform these activities in short bursts would not be a suitable proxy for her ability to work. The ALJ must further provide further explanation regarding Aileen C.'s RFC. Accordingly, remand is warranted.

The Court declines to address Aileen C.'s second argument regarding Listing 1.04. Nonetheless, on remand the ALJ should identify the relevant listed impairments, compare each of the listed criteria to the evidence of Aileen C.'s symptoms, and explain whether her symptoms meet or equal in severity the requirements for the relevant listing. *See, e.g. Cook v. Heckler*, 783 F.2d 1168, 1173 (4th Cir. 1986).

For the reasons set forth herein, both parties' motions for summary judgment (ECF Nos. 15 & 16) are **DENIED**. Pursuant to sentence four of 42 U.S.C. § 405(g), the Acting Commissioner's judgment is **REVERSED IN PART** due to inadequate analysis. The case is **REMANDED** for further proceedings in accordance with this opinion. The Clerk is directed to **CLOSE** this case.

Despite the informal nature of this letter, it should be flagged as an opinion. An implementing Order follows.

Sincerely yours,

/s/
Timothy J. Sullivan
United States Magistrate Judge

---

[3] The record also contains evidence that conflicts with the ALJ's findings that she was able to perform these activities. For instance, treatment records document Aileen C.'s inability to perform certain household chores, the trouble that she has with walking, her reduced range of motion, and the pain that she experiences when performing certain tasks. (Tr. 448, 531, 539, 552, 555 & 560.)